**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-12-573-2-PHX-ROS-LOA |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Saul Sandoval, | ) ) ) | |
| Defendant. | ) ) ) | |

    For the reasons set forth on the record in open court at the conclusion of Defendant's April 18, 2012 detention hearing,

    The Court finds that a combination of conditions exist that will reasonably assure the appearance of Defendant at all future court proceedings.

    The Court further finds that a secured (cash or surety) bond in the amount of $200,000.00 is reasonably necessary, and an indispensable component, to reasonably ensure Defendant's presence at trial and other future court proceedings because, if posted, it would more likely induce Defendant to appear than without it. *United States v. Mantecon-Zayas*, 949 F.2d 548 (1st Cir. 1991). Moreover, if the cash or surety bond is willingly posted by Defendant, his family or friends, it is less likely that Defendant would fail to appear and risk the loss of his or their property and thereby avoid a significant financial hardship of forfeiture to himself, his family or friends.

    The Court further finds that less stringent conditions of release will not provide

adequate and reasonable assurance that Defendant will appear as required if Defendant were released from custody.

**IT IS ORDERED** that upon the posting of a secured (cash or surety) bond in the sum of $200,000.00 with the Clerk of Court, defense counsel shall notify the undersigned Magistrate Judge's judicial assistant (Vickie), the assigned AUSA and the assigned PTS' officer whereupon a bag and baggage release hearing will be set before the undersigned to set all conditions of release, including PTS' physical possession of Defendant's passport. *United States v. Fidler*, 419 F.3d 1026 (9th Cir. 2005).

Defense counsel shall timely provide the bond details to the assigned AUSA so that s/he has a fair opportunity to request a *Nebbia* hearing before the undersigned if reasonable grounds exist to request such a hearing. *United States v. Nebbia*, 357 F.2d 303, 304 (2d Cir. 1966) ("[m]ere deposit of cash bail is not sufficient to deprive the court of the right to inquire into other factors which might bear on the question of the adequacy of the bail and . . . the ability of the surety to produce the defendant."); *United States v. Noriega-Sarabia*, 116 F.3d 417 (9th Cir. 1997); Rule 46(e), Fed.R.Crim.P.; 18 U.S.C. § 3142(g)(4) ("[t]he judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required."); *see also State v. Donahoe ex rel. County of Maricopa*, 220 Ariz. 126, 203 P.3d 1186 (Az.Ct.App. 2009) (collection of other federal cases).

**IT IS FURTHER ORDERED** that Defendant shall remain detained until the secured (cash or surety) bond is posted with the Clerk.

DATED this 18th day of April, 2012.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

- 2 -